CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
05/26/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
      DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SULLIVAN MECHANICAL CONTRACTORS, INC., *Plaintiff*, v. KBE BUILDING CORPORATION, *Defendant*. | CASE NO. 3:20-cv-00013<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court both on Plaintiff Sullivan Mechanical Contractors Inc.'s ("Sullivan") Motion for Entry of Default Judgment, Dkt. 7, as well as Defendant KBE Building Corporation's ("KBE") Motion to Vacate Entry of Default and Opposition to Motion for Entry of Default Judgment, Dkt. 8. For the following reasons, the Court will deny Sullivan's Motion for Entry of Default Judgment, and grant KBE's Motion to Vacate Entry of Default.

**Background**

This is a breach of contract action. Sullivan entered into a subcontract with KBE to perform plumbing and HVAC work on a new dormitory construction project at the University of Virginia. KBE is the general contractor for the dormitory construction project. The subcontract itself is for nearly $5.1 million.  Dkt. 1 ¶¶ 1–2, 7–8. KBE has paid Sullivan over $4.9 million on the project to date, but Sullivan alleges that it is still owed about $579,000. Dkt. 1 ¶ 14.

On March 16, 2020, Sullivan filed its Complaint in this case against KBE. Dkt. 1. Two days later, on March 18, Sullivan served KBE through KBE's registered agent. Dkt. 4. KBE is authorized to do business in Virginia, though it has its headquarters in Connecticut. Dkt. 8 at 1.

1

KBE's answer or response to the Complaint was due on April 8, 2020, but KBE did not file any answer or otherwise respond by that date.

On April 9, Sullivan filed a motion for entry of default against KBE, and the Clerk entered default against KBE on that day. Dkts. 5, 6. Also on April 9, Sullivan filed its Motion for Entry of Default Judgment against KBE. Dkt. 7.

On April 15, 2020, six days after entry of default, KBE filed a Motion to Vacate Entry of Default and Opposition to motion for Entry of Default Judgment. Dkt. 8. Attached to its Motion, KBE filed an Answer to the Complaint, and a Counterclaim against Sullivan. Dkt. 8-2. KBE argued that, at the time it was served with the Complaint on March 18, "it was actively attempting to resolve this dispute without the need for these proceedings," and in addition, "due to the unique impacts imposed on KBE … by the COVID-19 Coronavirus, KBE was operating with limited resources for the majority of the period within which it needed to respond to the Complaint." Dkt. 8 at 4. KBE asserted that "[t]he COVID-19 pandemic impacted KBE's ability to investigate and consult with staff and personnel with knowledge of the allegations in Sullivan's Complaint," and to respond thereto, which "delay[ed] filing of the same." *Id.* at 2.

Sullivan filed an opposition to KBE's Motion to Vacate Entry of Default, Dkt. 10, and KBE filed a reply in further support of its motion, Dkt. 11. The Court held a hearing on the motions on May 21, 2020, and the matter is ready for disposition.

## Applicable Law

A defendant must answer or otherwise respond to a complaint within 21 days of service of the complaint and summons. Fed. R. Civ. P. 12(a)(1)(A)(i). But when a party has failed to timely file a response, "and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Rule 55(c) provides, in relevant part, that "[t]he court may set aside an entry of default for good cause." In so ruling, a district court should consider "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Mavila v. Absolute Collection Service, Inc.*, 539 F. App'x 202, 204-05 (4th Cir. 2013). The Fourth Circuit has long held that "Rule 55(c) motions must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Colleton Prep. Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 421 (4th Cir. 2010) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson*, 411 F.2d at 130.

Finally, the Court notes that the parties have cited precedent by courts addressing motions to vacate entry of default under Rule 55(c) as well as a motion for relief from a default judgment under Rule 60(b). The Fourth Circuit has cautioned that "[a]lthough we have analyzed Rule 55(c) and Rule 60(b) motions using the same factors … the burden on a movant seeking relief under the two rules is not the same." *Colleton*, 616 F.3d at 420 (citation omitted). "Rule 60(b)'s 'excusable neglect' standard is a more onerous standard than Rule 55(c)'s 'good cause' standard, which is more forgiving of defaulting parties because it does not implicate any interest in finality." *Id.*

**Discussion**

1. <u>Whether Movant Has a Meritorious Defense</u>

Most of the parties' argument is focused on whether KBE "has a meritorious defense." Dkt. 10 at 3–5; Dkt. 11 at 2–3. The Court finds that KBE has met the requisite showing for purposes of setting aside entry of default.

"In the context of a defendant's motion to set aside the entry of default or default judgment, a meritorious defense will be established if the defendant proffers evidence that, if believed, would permit the court to find for the prevailing party. While the bare allegation of a meritorious defense is insufficient, the defendant's burden is minimal." *Belvac Prod. Mach., Inc. v. Standard Indus. Prod. Co.*, No. 6:06-cv-00034, 2007 WL 1189644, at *2 (W.D. Va. Apr. 23, 2007). "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1998). If the defendant offers a "bare allegation of a meritorious defense," the trial court, "in its discretion," could "requir[e] disclosure of facts to support such a conclusory assertion." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 252 (4th Cir. 1967).

In its Answer, KBE admitted it is the general contractor for the University of Virginia construction project, and that it entered into a subcontract with Sullivan. Dkt. 8-2 ¶ 2. KBE has denied that Sullivan is entitled to any further payment for its work on the project and has denied that KBE breached the subcontract with Sullivan. *Id.* ¶¶ 16–19. In its Counterclaim, KBE further stated that, notwithstanding KBE's fulfillment of its obligations under the subcontract, Sullivan failed to supply "a sufficient number of skilled workers to complete its work" in a timely manner, *id.* ¶8(a), failed to perform its work on the right schedule, thereby interfering with the work of others on the project, *id.* ¶ 8(b), failed to follow KBE's directions with respect to "quality of work, attendance at meetings, manpower needs, available work areas, sequencing of work, and coordination of [Sullivan's] work with that of other trades," *id.* ¶ 8(c), created "unclean conditions" and failed to clean up "waste and debris" in a timely manner, *id.* ¶ 8(f), failed to provide daily

4

reports or to maintain "proper and accurate as-built drawings" for its work under the contract, *id.* ¶¶ 8(g)-(h), among other alleged failures, *id.* at 6–8.

      To be sure, this case is at an early stage. Neither Sullivan in its Complaint, nor KBE in its Answer and Counterclaim, have presented an extremely detailed picture of the work that was done by Sullivan and whether it warranted full payment or constituted a breach of its subcontract with KBE. But KBE has done more that raise a "bare allegation of a meritorious defense" for purposes of this factor. *See Wagman Constr. Corp.*, 383 F.2d at 252. Rather, KBE has identified Sullivan's numerous specific breaches of the subcontract. *See* Dkt. 11 at 3. Courts have found this factor satisfied by similar, or lesser, showings of a meritorious defense on the thin record at the outset of litigation. *See, e.g.*, *Capital Concepts, Inc. v. CDI Media Grp. Corp.*, No. 3:14-cv-14, 2014 WL 3748249, at *6 (W.D. Va. July 29, 2014) (holding that "articulating procedural defenses like a lack of personal jurisdiction" and "a ripeness challenge" satisfied this factor, especially "given the low bar for presenting a meritorious defense at this stage of litigation"); *Burton v. The TJX Companies, Inc.*, No. 3:07-cv-760, 2008 WL 1944033, at *3 (E.D. Va. May 1, 2008) (writing "TJX's answer, among other things, alleges that Burton's claim was made outside of the statute of limitations and denies she was a customer in any of TJX's stores on or around April 9, 2005," and holding that "[t]hese claims alone are sufficient to establish a meritorious defense"); *Sibley v. Choice Hotels, Int'l, Inc.*, 304 F.R.D. 125, 131 (E.D.N.Y. 2015) (defendant's denial of plaintiffs' allegations and claim that defendant was not negligent was "sufficient to present a meritorious defense at this early stage of the litigation").[*] Accordingly, the Court finds this factor weighs in favor of vacating entry of default.

---

[*] To the extent Sullivan argued that KBE should have included declarations in support of this evidentiary proffer, even if the better practice would have been to include such materials, no particular form is required so long as the party puts forward a "proffer of evidence which would

5

2. <u>Whether Movant Acted with Reasonable Promptness</u>

KBE moved to vacate the default less than a week after default was entered. Given that default was sought, and entered, the day KBE's response would have been due, KBE acted with reasonable promptness in moving to set aside the default. *See Campodonico v. Stonebreaker*, No. 4:15-cv-3373, 2016 WL 1141296, at *3 (D.S.C. Feb. 25, 2016) (vacating default where motion to vacate made six days after deadline and the case was "in its early stages"). The Court finds this factor also weighs in favor of vacating entry of default.

3. <u>Personal Responsibility of Defaulting Party</u>

This factor appears to be in equipoise, neither definitively weighing in favor of or against vacating the entry of default. On the one hand, there is no dispute that KBE was served, and thus was aware of this lawsuit as of March 18. Dkt. 4. Indeed, KBE was in "settlement negotiations" with Sullivan at that time, attempting to prevent the need for litigation. Dkt. 8 at 1–2. Another lawsuit against KBE concerning construction of the University of Virginia dormitory project had already been filed. *Manganaro MidAtlantic, LLP v. KBE Building Corp.*, No. 3:19-cv-80 (filed Dec. 26, 2019) (Conrad, J.). This lawsuit was anything but a surprise.

On the other hand, there were stay-at-home orders issued on account of the novel coronavirus COVID-19 in Connecticut, Washington D.C. and Maryland, which locations covered KBE's headquarters and counsel's offices. *Id.* The Court credits KBE's assertions that "the COVID-19 pandemic impacted KBE's ability to investigate and consult with staff and personnel with knowledge of the allegations in Sullivan's Complaint," and that "KBE was operating with limited resources," which hindered KBE's ability to timely respond. Dkt. 8 at 2, 4. While even

---

permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass*, 843 F.2d at 812.

under these circumstances the Court would have expected KBE to have filed a request for extension of time to respond within its default response period (and it appears KBE at least could have done that), in any event, this factor does not weigh definitively one way or the other.

### 4. Prejudice to the Party

The Court next considers whether Sullivan would suffer prejudice if the Court vacated entry of default. *See Colleton*, 616 F.3d at 419 ("the issue is one of *prejudice to the adversary*, not merely the existence of delay"). The Court finds this factor also weighs in favor of vacating entry of default.

Less than one week passed between entry of default and KBE's motion to vacate entry of default. Sullivan does not argue that the delay occasioned any particular prejudice on its part. Indeed, Sullivan does not even argue this factor weighs in its favor; rather, Sullivan argues that this factor is "neutral," citing *Colleton*. Dkt. 10 at 6. *Colleton* does not support Sullivan's argument though. In that case, the Fourth Circuit *reversed* the district court's finding of prejudice when the motion to vacate the default was filed between two and three months after the answer should have been filed, and the Fourth Circuit found that in that case, the factor was "at best, neutral." 616 F.3d at 418–19; *see also id.* at 419 ("no cognizable prejudice inheres in requiring a plaintiff *to prove* a defendant's liability"). Here, where Sullivan has not argued—let alone established—it would suffer particular prejudice by the Court vacating entry of default, the Court finds that this factor weighs in favor of vacating the default.

### 5. History of Dilatory Action

Sullivan does not make any argument that KBE has a history of dilatory action. Dkt. 10. The Court is aware of no such circumstances, and, as stated above, KBE's counsel acted quickly

7

in moving to set aside the default. The Court finds that this factor also weighs in favor of vacating entry of default.

### 6. Availability of Sanctions Less Drastic

As to the last factor, there are certainly sanctions less drastic than entering default. Indeed, Sullivan asks in the alternative that the Court should order KBE to reimburse Sullivan "for all costs and expenses reasonably incurred to obtain and retain its default." Dkt. 10 at 6. KBE argues that sanctions of any kind should not be imposed, and that Sullivan could have avoided costs altogether, if it had notified KBE that it was in default rather than "rush[ing] to obtain a default judgment." Dkt. 11 at 7–8.

In vacating entry of default or default judgment, the Court may "impose other sanctions against the offending attorney, such as awarding the non-movant's costs and attorney's fees." *Augusta Fiberglass*, 843 F.2d at 811 (so holding with respect to vacating default judgment); *see also Saunders v. Metro. Prop. Mgmt., Inc.*, ___ F. App'x ___, 2020 WL 1313346, at *3 (4th Cir. Mar. 18, 2020) (unpublished) (affirming district court's decision to set aside entry of default while awarding plaintiff's attorney's fees).

Sullivan was entitled to seek entry of default when KBE failed to respond as required under the rules, and Sullivan incurred costs and fees in seeking entry of default and filing its motion for default judgment. The Court expects that this dispute could have been avoided altogether or at least mitigated in a less adversarial manner. However, the Court also considers that Sullivan's position in opposing KBE's request to vacate entry of default was not unreasonable. Nor did it appear from the filings and argument that Sullivan had needlessly run up its own costs, in the hopes those would ultimately be shouldered by KBE. Accordingly, the Court finds that imposing

attorney's fees and costs Sullivan incurred in seeking to obtain and retain its default is an appropriate and warranted sanction, less drastic than default itself.

## Conclusion

"[T]he law disfavors disposition by default and accords preference to resolving a case on its merits." *Saunders*, 2020 WL 1313346, at *3 (citations omitted). The Court finds that KBE acted with reasonable promptness in moving to set aside default; that at this early stage, KBE had satisfied the factor of claiming a meritorious defense; there was no history of dilatory conduct; no prejudice shown to Sullivan; and less drastic alternatives are available besides default judgment. On the other hand, KBE bears responsibility for not acting sooner, and that cannot be ignored, notwithstanding the COVID-19 stay at home orders.

As five of the six factors weigh in favor of setting aside the default, the Court will grant KBE's motion to vacate entry of default. However, the Court will also order KBE to reimburse Sullivan for attorney's fees and costs incurred by counsel's drafting of Dkts. 5, 7, and 10, for up to three hours of time at Plaintiff's counsel's usual and customary billing rate. No fees or costs will be awarded for preparing for or participating in the oral argument on the motions. Sullivan's motion for default judgment will be denied.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this __26th__ day of May, 2020.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE